UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Maria F.,

File No. 26-cv-486 (ECT/DTS)

Petitioner,

v.

**OPINION AND ORDER**

Pamela Bondi, *Attorney General*; Kristi
Noem, *Secretary, U.S. Department of
Homeland Security*; Todd M. Lyons,
*Acting Director of Immigration and
Customs Enforcement*; and David
Easterwood, *Acting Director, St. Paul
Field Office Immigration and Customs
Enforcement*,

Respondents.

Timothy M. Philips, Law Office of Tim Phillips, Minneapolis, MN, for Petitioner Maria F.

Ana H. Voss and Trevor Brown, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

Petitioner Maria F. is a Mexican citizen who has lived in the United States for approximately 35 years. Pet. [ECF No. 1] ¶ 12. Maria "does not have a final order of removal." *Id.* ¶ 13. On January 20, 2026, Maria was arrested and detained by ICE as part of "Operation Metro Surge." *See id.* ¶¶ 15–16. The Petition alleges, "[u]pon information

and belief, Respondents had no . . . warrant" for her arrest, and that absent a warrant, she is entitled to release. *Id.* ¶¶ 51–52.[1]

Maria challenges her detention under 28 U.S.C. § 2241. Pet. ¶ 2. She claims she has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226 detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 26–28, 37–45; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Maria, that misclassification and denial of a bond hearing violate her right to due process under the Fifth Amendment, the Administrative Procedure Act, and 8 U.S.C. §§ 1225(b)(2) and 1226(a). *See* Pet. ¶¶ 29–52. Maria seeks an order requiring Respondents to show cause why she should not be released immediately, or alternatively, afforded a bond hearing; issuance of a writ of habeas corpus requiring Respondents to release her unless they provide a bond hearing under 8 U.S.C. § 1226(a); an order enjoining her transfer out of the District of Minnesota during the pendency of her Petition; and "any other and further relief that this Court may deem just and proper." Pet. at 14.

In a one-paragraph response, Respondents state that Maria's petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided," and argues that the petition fails on the merits for the same reasons set forth in the appeal of

---

[1]     Neither party provided the Court with Maria's Notice to Appear or the other paperwork we've usually received in these cases. In this case, it doesn't matter. In their very brief response to Maria's habeas petition, Respondents did not contest any of the facts alleged in the Petition. *See* ECF No. 4.

*Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025),

*appeal docketed*, No. 25-3248 (8th Cir. Nov. 10, 2025).  *See* ECF No. 4 at 1.  This raises

an issue of statutory interpretation[2] that courts in this District have repeatedly considered

and rejected, and it will be rejected here as well.

Maria has shown she has been misclassified under § 1225(b)(2) rather than § 1226.

As courts have explained, the former statute applies to applicants "seeking admission," and

the latter to "aliens already in the country."  8 U.S.C. § 1225(b)(2)(A); *Jennings v.*

*Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see*

*Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*,

--- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn.

Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025

WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE),

2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir.

Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312,

at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL

3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264

(PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).  As of this writing, only

---

[2]    To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Maria's Petition by way of their response in *Avila*, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, (7th Cir. 2025). Maria has lived in the United States for "approximately 35 years." *See* Pet. ¶ 12. Her detention falls under § 1226 and not § 1225(b)(2).

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sep. 21, 2025), *appeal filed* (Nov. 7, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023). Here, Maria argued that "release is the appropriate remedy" where Respondents had no warrant for her arrest pursuant to 8 U.S.C. § 1226(a). Pet. ¶¶ 51–52; *accord id.* at 14. Respondents have not produced any warrant, nor have they advanced any specific argument that Maria's

release is an unwarranted remedy.[3]  *See* ECF No. 4 at 1 ("The Federal Respondents also acknowledge that some judges in this District have concluded release is the appropriate remedy in the absence of a warrant preceding a petitioner's arrest").

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate."  Order on Petition for Writ of Habeas Corpus, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).  "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings."  *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Maria F.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1.    Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

---

[3]    Respondents do not argue that Maria is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), nor do they argue that a statutory scheme other than that raised in the Petition would apply to Maria's detention.

2.    Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 22, 2026, at 1:10 p.m.          s/ Eric C. Tostrud
                                                                  Eric C. Tostrud
                                                                    United States District Court